UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

| | | |
|---|---|---|
| KEVIN CHRISTOPHER KROUSE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:05-cv-629 |
| | ) | |
| v. | ) | Honorable Gordon J. Quist |
| | ) | |
| PATRICIA CARUSO et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) (PLRA), "no action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Because Plaintiff has failed to demonstrate exhaustion of available administrative remedies, the Court will dismiss his complaint without prejudice.

### **Discussion**

I.    Factual allegations

Plaintiff is presently incarcerated at the Straits Correctional Facility but he complains of events that occurred at the Florence Crane Correctional Facility (ACF). In his *pro se* complaint, he sues Patricia Caruso, Director of the Michigan Department of Corrections (MDOC) and the MDOC Health Care Provider.

Prior to his incarceration, Plaintiff's physician treated him for severe back pain due to a lumbar sprain and a "right-sided syatica." Upon arriving at ACF, Plaintiff alleges that he made prison staff aware of his back problems, and repeatedly requested to be assigned to a bottom bunk.

On November 26, 2004, Plaintiff fell from his top bunk when a chair, which he used as a step to climb to and from the top bunk, broke. In the fall, Plaintiff hit his head and landed on his back. The accident aggravated his previous back injury and created reoccurring headaches. As a result, a MDOC doctor prescribed Tylenol to Plaintiff and recommended that the MDOC reassign him to a bottom bunk. Plaintiff claims that the prison staff refused to assign Plaintiff to a bottom bunk and the MDOC denied Plaintiff's request to see a neurologist or receive an MRI for his injuries.

Plaintiff also alleges that the MDOC transferred him from ACF to the Parr Highway Correctional Facility and finally to the Straits Correctional Facility, out of retaliation for submitting grievances and medical kites for his injuries. Plaintiff is still suffering from his injuries and has sent multiple kites to receive medical attention for his injuries at the Straits Correctional Facility. He claims that he is almost totally incapacitated, must rely on other prisoners to assist him, and is seeing a psychologist to combat his mental anguish.

For relief, Plaintiff requests declaratory and injunctive relief to enjoin Defendants from violating his rights under the Eighth Amendment and the Equal Protection Clause of the Fourteenth Amendment. Plaintiff also requests punitive and compensatory damages.

II.     Lack of exhaustion of available administrative remedies

Plaintiff has failed sufficiently to allege and show exhaustion of available administrative remedies. Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies.

*See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001).  The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought.  *Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741.  A district court must enforce the exhaustion requirement *sua sponte.  Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998); *accord Wyatt v. Leonard*, 193 F.3d 876, 879 (6th Cir. 1999).

A prisoner must allege and show that he has exhausted all available administrative remedies and should attach to his § 1983 complaint the administrative decision disposing of his complaint, if the decision is available.[1]  *Brown*, 139 F.3d at 1104.  In the absence of written documentation, the prisoner must describe with specificity the administrative proceeding and its outcome so that the Court may determine what claims, if any, have been exhausted.  *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000).  In addition, a prisoner must specifically mention the involved parties in the grievance to alert the prison officials to the problems so that the prison has a chance to address the claims before they reach federal court.  *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001); *Thomas v. Woolum*, 337 F.3d 720, 735 (6th Cir. 2003); *Vandiver v. Martin*, No. 02-1338, 2002 WL 31166925, at *2 (6th Cir. Sept. 27, 2002) ("The issues [plaintiff] may raise, and the defendants he may name, in his lawsuit are limited to the specific issues raised, and the specific individuals mentioned, in his grievance.").

Plaintiff's medical and retaliation claims are the types of claims that may be grieved through the three-step prison grievance process.  *See* MICH. DEP'T OF CORR., Policy Directive 03.02.130, ¶ E (may grieve "alleged violations of policy or procedure or unsatisfactory conditions

---

[1] To assist prisoners in meeting this requirement, this Court advises prisoners to attach copies of documents evidencing exhaustion in its form complaint.  The form complaint, which is required by local rule, is disseminated to all the prisons.  *See* W.D. MICH. LCIVR 5.6(a).  Plaintiff has chosen to forego use of the form complaint in this action.

of confinement") (effective 12/19/03).  Plaintiff submitted a Step I grievance in March 2005. Plaintiff provided the Court with copies of his Step II and Step III appeal form and his Step III grievance response.  Plaintiff, however, failed to include copies of his Step I grievance form and Step I and II grievance response forms with his complaint.  Plaintiff also did not allege that he identified any of the named Defendants in his Step I grievance, nor did he pursue his retaliation claims in any step of the grievance process.  "[F]or a court to find that a prisoner has administratively exhausted a claim against a particular defendant, a prisoner must have alleged mistreatment or misconduct on the part of the defendant at Step I of the grievance process."  *Burton v. Jones,* 321 F.3d 569, 575 (6th Cir. 2003).

Plaintiff's failure to allege or show that he named the Defendants in his Step I grievance alone precludes a finding of exhaustion.  *Burton*, 321 F.3d at 576 n.4 (claim of retaliation, which was initially raised by prisoner in Step II of the grievance process was not administratively exhausted).  Without any evidence from Plaintiff that he identified any of the Defendants in a Step I grievance or that he exhausted his administrative remedies with respect to each of the Defendants, Plaintiff is unable to establish with particularity that he exhausted his available administrative remedies against these Defendants.  Moreover, Plaintiff failed to pursue his retaliation claims through any step of the grievance process.  A civil rights action containing both exhausted and unexhausted claims must be dismissed for lack of total exhaustion.  *Jones Bey v. Johnson*, 407 F.3d 801 (6th Cir. 2005). Accordingly, the Court finds that Plaintiff has failed to demonstrate exhaustion of available administrative remedies.

It is not clear whether Plaintiff may still grieve his claims.  Under the policy of the prison, complaints must be resolved expeditiously, and complaints may be rejected as untimely.  *See*

Policy Directive 03.02.130, ¶ G(4). The Sixth Circuit held that an inmate cannot simply claim that "he has exhausted his remedies or that it is futile for him to do so because his grievance is now time-barred under the regulations." *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999) (citing *Wright v. Morris*, 111 F.3d 414, 417 n.3 (6th Cir. 1997)). However, even if the MDOC considers a subsequent grievance to be untimely, a prisoner who has presented a grievance through one complete round of the prison process will nevertheless be deemed to have exhausted available administrative remedies as required by 42 U.S.C. § 1997e(a). *See Thomas*, 337 F.3d at 733.

Because the exhaustion requirement is no longer discretionary, but is mandatory, the Court does not have the discretion to provide a continuance in the absence of exhaustion. *See Wright*, 111 F.3d at 417. Rather, dismissal of this action without prejudice is appropriate when a prisoner has failed to show that he exhausted available administrative remedies. *See Freeman*, 196 F.3d at 645; *Brown*, 139 F.3d at 1104; *White v. McGinnis*, 131 F.3d 593, 595 (6th Cir. 1997). Dismissal for failing to exhaust available administrative remedies does not relieve a plaintiff from payment of the civil action filing fee. *Smeltzer v. Hook*, 235 F. Supp. 2d 736, 746 (W.D. Mich. 2002) (citing *Omar v. Lesza*, No. 97 C 5817, 1997 WL 534361, at *1 (N.D. Ill. Aug. 26, 1997)). Accordingly, the Court will dismiss his action without prejudice.

## **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court will dismiss Plaintiff's action without prejudice because he has failed to show exhaustion as required by 42 U.S.C. § 1997e(a).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611

(6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $255 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $255 appellate filing fee in one lump sum.

A Judgment consistent with this Opinion will be entered.


Dated: February 17, 2006                             /s/ Gordon J. Quist
                                                  GORDON J. QUIST
                                              UNITED STATES DISTRICT JUDGE